# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WADE KNIGHT,<br><br>　　　　Petitioner,<br><br>　v.<br><br>CAPERHAVER,<br><br>　　　　Respondent.<br>_____ | 1:12-cv-01045 MJS HC<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS<br><br>(Doc. 1) |

　　　Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge. Local Rule 305(b). (ECF No. 5.)

　　　Petitioner filed the instant petition for writ of habeas corpus on June 27, 2012. (Pet., ECF No. 1.) The petition indicates that on September 7, 2000, Petitioner was convicted in the United States District Court for the Eastern District of Pennsylvania after pleading guilty to violating 18 U.S.C. § 1951 and 18 U.S.C. §§ 1951(b)(1), (b)(3), and 2(a). (Id. at p. 3.) Petitioner was sentenced to a prison term of 235 months. (Id.) The conviction was affirmed by the United States Court of Appeals for the Third Circuit on December 7, 2001. (Id.) Subsequently, Petitioner challenged his conviction and sentence in the trial court, which denied the motion to reconsider on November 1, 2002. (Id.)

Petitioner has filed at least two prior petitions for writ of habeas corpus under § 2241 in the Eastern District of California. (See Case Nos. 1:07-cv-01275-LJO SMS, 1:09-cv-00143-AWI-DLB, 1:09-00823-AWI-JLT.) In the present petition, Petitioner claims that he is actually innocent of the reckless endangerment enhancement to the sentence. The enhancement was based on the trial court finding that Petitioner, as a passenger in the getaway vehicle, consented to the reckless actions of the driver. Petitioner contends that the finding is improper under United States v. Cespedes, 663 F.3d 685, 691 (3d Cir. 2011).

## I. SCREENING THE PETITION

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies to the petition. Lindh v. Murphy, 521 U.S. 320, 327, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

The Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241. Habeas Rule 1(b). Habeas Rule 4 requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n. 7, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d at 491.

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an

answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

## II.   JURISDICTION

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988). In such cases, only the sentencing court has jurisdiction. Id. at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000) ("Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court."); Tripati, 843 F.2d at 1162.

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Hernandez, 204 F.3d at 865. Here, Petitioner is challenging the validity and constitutionality of his conviction. Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 and not a habeas petition pursuant to § 2241.

The Ninth Circuit has recognized a narrow exception allowing a federal prisoner authorized to seek relief under § 2255 to seek relief under § 2241 if the remedy by motion under § 2255 is "inadequate or ineffective to test the validity of his detention." Alaimalo v. United States, 636 F.3d 1092, 1096 (9th Cir. 2011), citing Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008). "This is called the 'savings clause' or 'escape hatch' of § 2255." Id. Furthermore, § 2255 petitions are rarely found to be inadequate or ineffective. Aronson v. May, 85 S.Ct. 3, 5, 13 L. Ed. 2d 6 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956). The burden

1  is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United
2  States, 315 F.2d 76, 83 (9th Cir. 1963).

3  The Ninth Circuit has also "held that a § 2241 petition is available under the 'escape
4  hatch' of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had
5  an 'unobstructed procedural shot' at presenting that claim. Stephens v. Herrera, 464 F.3d
6  895, 898 (9th Cir. 2006).

7  In this case, Petitioner is challenging the validity and constitutionality of his federal
8  sentence imposed by a federal court, rather than an error in the administration of his sentence.
9  Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 in the
10 sentencing court, not a habeas petition pursuant to § 2241 in this Court.

11 ### III.    SUCCESSIVE § 2255 MOTIONS

12 Petitioner argues, however, that § 2255 is inadequate and ineffective, because he has
13 already filed several § 2255 motions, and that the motions have been denied. Under the
14 AEDPA, a prisoner may not bring a second or successive § 2255 motion in district court unless
15 "a panel of the appropriate court of appeals" certifies that the motion contains: (1) newly
16 discovered evidence that, if proven and viewed in light of the evidence as a whole, would be
17 sufficient to establish by clear and convincing evidence that no reasonable factfinder would
18 have found the movant guilty of the offense; or (2) a new rule of constitutional law, made
19 retroactive to cases on collateral review by the Supreme Court, that was previously
20 unavailable. 28 U.S.C. § 2255; see Harrison v. Ollison, 519 F.3d 952, 955 (9th Cir. 2008).
21 Petitioner failed to meet either of these requirements. Specifically, upon learning of the holding
22 of United States v. Cespedes, Petitioner filed an application to file a second or successive §
23 2255 motion with the Third District Court of Appeal on March 21, 2012. Knight v. United
24 States, Case No. 12-1741 (3d Cir. March 21, 2012) (ECF No. 1, p. 25.). The application was
25 denied by the Third Circuit on April 30, 2012. The court found that Petitioner did not make a
26 sufficient showing of innocence, or that a new rule of constitutional law, made retroactive to
27 cases on collateral review by the Supreme Court, that was previously unavailable allowed the
28 claim. Accordingly, Petitioner did not qualify to file a successive Section 2255 motion.

## IV. ESCAPE HATCH UNDER § 2241

Nevertheless, Petitioner's inability to meet the statutory requirements for filing a successive § 2255 motion does not automatically render the remedy under Section 2255 inadequate or ineffective. See Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999) (concluding that a § 2255 movant may not avoid the limitations imposed on successive petitions by styling his petition as one pursuant to § 2241 rather than § 2255, and that the AEDPA required dismissal of petitioner's successive § 2255 motion because his claim was based neither on a new rule of constitutional law made retroactive by the Supreme Court nor on new evidence). To the extent Petitioner may argue that his only remedy is to pursue his claim via a habeas petition pursuant to § 2241 because a panel of the court of appeals would refuse to certify a second or successive motion under § 2255, Petitioner's argument fails. § 2241 "is not available under the inadequate-or-ineffective-remedy escape hatch of § 2255 merely because the court of appeals refuses to certify a second or successive motion under the gatekeeping provisions of § 2255." Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000). Further, as previously stated, the remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a previous § 2255 motion was denied, or because a remedy under that section is procedurally barred. Id. at 953 (stating that the general rule in the Ninth Circuit is that "the ban on unauthorized second or successive petitions does not per se make § 2255 'inadequate or ineffective'"); see also United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural limits on filing second or successive § 2255 motion may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651); Moore, 185 F.3d at 1055 (rejecting petitioner's argument that § 2255 remedy was ineffective because he was denied permission to file a successive § 2255 motion, and stating that dismissal of a subsequent § 2255 motion does not render federal habeas relief an ineffective or inadequate remedy); Tripati, 843 F.2d at 1162-63.

Moreover, Petitioner has failed to demonstrate that his claims qualify under the savings clause of § 2255 as he neither shows that (1) his claim qualifies as one of actual innocence, or (2) he was denied an 'unobstructed procedural shot' at presenting that claim. Stephens,

464 F.3d at 898. First, Petitioner's claims are not proper claims of "actual innocence." In the Ninth Circuit, a claim of actual innocence for purposes of the § 2255 savings clause is tested by the standard articulated by the United States Supreme Court in <u>Bousley v. United States</u>, 523 U.S. 614, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998). In <u>Bousley</u>, the Supreme Court explained that, "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." <u>Bousley</u>, 523 U.S. at 623. Petitioner bears the burden of proof on this issue by a preponderance of the evidence, and he must show not just that the evidence against him was weak, but that it was so weak that "no reasonable juror" would have convicted him. <u>Lorentsen</u>, 223 F.3d at 954.

In this case, Petitioner does not assert that he is factually innocent of the crime for which he was convicted. Here Petitioner only contends that his sentence was improperly enhanced, and does not assert that he is innocent of the underlying offense. Accordingly, Petitioner has not shown that it is more likely than not that no reasonable juror would have found him guilty of underlying convictions of conspiracy to interfere with interstate commerce by robbery and interference with interstate commerce by robbery. Petitioner cannot show that he is actually innocent.

Furthermore, Petitioner cannot show that he was denied the opportunity of having an "unobstructed procedural shot" of presenting the claim by way of a § 2255 motion. <u>See</u> <u>Stephens</u>, 464 F.3d at 898; <u>Harrison v. Ollison</u>, 519 F.3d at 960 ("In determining whether a petitioner had an unobstructed procedural shot to pursue his claim, we ask whether petitioner's claim 'did not become available' until after a federal court decision."). Petitioner has not shown that the claim could not have been filed in an earlier petition. It is true that the Third Circuit recently issued <u>United States v. Cespedes</u>, 663 F.3d 685, 691 (3d Cir. 2011), holding that "Proof indicating only that conspirators collectively planned a robbery that led to a high speed chase is inadequate to qualify each passenger in the getaway vehicle for a reckless-endangerment-during-flight enhancement." However, courts in Petitioner's district of conviction have previously arrived at the same holding. <u>See</u> <u>e.g.</u>, <u>United States v. Scott</u>, 2003

U.S. Dist. LEXIS 1628 (E.D. Pa. Jan. 15, 2003), United States v. Davis, 2003 U.S. Dist. LEXIS 191 (E.D. Pa. Jan. 7, 2003). Petitioner has filed multiple motions for post conviction relief, and has not shown why his claims could not have been brought earlier. Based on the procedural history as described, Petitioner has failed to show that he was denied the opportunity of an unobstructed procedural shot of presenting his claim.

Based on the foregoing, the Court finds that Petitioner has not demonstrated § 2255 constitutes an "inadequate or ineffective" remedy for raising his claims. Accordingly, § 2241 is not the proper avenue for raising Petitioner's claims, and the petition should be dismissed for lack of jurisdiction.

## V.    CERTIFICATE OF APPEALABILITY

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).  The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)    (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims

or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, reasonable jurists would not find to be debatable or wrong the Court's determination that Petitioner is not entitled to federal habeas corpus relief nor would they find petitioner deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby declines to issue a certificate of appealability.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) The petition for writ of habeas corpus be DISMISSED;

2) The Clerk of Court is DIRECTED to enter judgment and close the case; and

3) The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:  September 26, 2012         /s/ *Michael J. Seng*
                                   UNITED STATES MAGISTRATE JUDGE